## ROGERS *v*. BEECHER and others.

*(Circuit Court, N. D. New York. September 15, 1880.)*

1. PATENT—PRESUMPTION OF PRIORITY.—A patent raises a presumption of priority of invention, which can only be overcome by clear and satisfactory proof.

2. INFRINGEMENT—EVIDENCE.—Evidence *held* insufficient in this case to establish an infringement

*R. H. Duell,* for complainant.

*Neri Pine,* for defendant.

WALLACE, D. J. The bill must be dismissed, because infringement is not satisfactorily established. It is proper, however, that the complainant should have the benefit of any conclusions in regard to the defences which have been interposed attacking the validity of this patent. It has been contended that the complainant was not the first discoverer of the process of making birch beer according to the formula described in his specifications, and an attempt has been made to show that several persons had used substantially the same formula before complainant's application for his patent.

A patentee is entitled to the presumption of priority which his patent affords, and this presumption is only overcome by

*See *Yale Lock Mfg. Co.* v. *Scovill Mfg. Co. ante,* 288.

clear and satisfactory proof to the contrary. Some of the cases hold that the defence that the patentee was not the original and first inventor of the patented subject can only prevail when shown beyond any reasonable doubt. *Crouch* v. *Spear*, 6 O. G. 187; *Hawes* v. *Antisdell*, 8 O. G. 685.

These defences in this case wholly fail when tested by the rules applicable to them. The strongest case is made in reference to the prior use of the formula by D. B. Smith and those in his employ. The proofs show that Mr. Buchanan was the first person to introduce the article of birch beer to the trade at Binghamton, and did so in the spring of 1871. His beer was favorably received, and his competitors in the same line of business were stimulated to attempt the production of a similar article. Among these competitors was D. B. Smith. He had previously been carrying on business with Mr. Vincent, but they had dissolved, and each was engaged in the business of making and selling summer beverages separately. These defendants were in the employ of Smith, and continued in his employ until 1875, when Smith sold out his business to them. Smith commenced making birch beer in the summer or fall of 1871. Sometimes he made it with birch bark, and sometimes he used oil of wintergreen. He experimented, also, with oil of birch. But it is apparent he never discovered the complainant's formula, because he was never able to make an article which was entirely satisfactory, as would have been the case if he had used the complainant's formula. If he had discovered the complainant's process he would have used the oil of wintergreen in decided preference to the birch bark, but it is shown that as late as 1876 the defendants, who knew all about Smith's process, and who at that time had succeeded to his business, were experimenting with birch bark, and it was not until after that time that they finally discarded its use. During all these years, also, Smith and the defendants had been experimenting with other ingredients, and, as is now claimed by the defendants, in 1873–4 they used sapindus, and since 1877, cochineal also. It would seem that the defendants had not found a process which was

entirely satisfactory to them until 1877. The complainant's priority of discovery cannot be overthrown by any such evidence of anticipation as is disclosed here.

The complainant has made a *prima facie* case on the issue of infringement, by proving a substantial similarity between the product of his process and the defendants' beer in taste, appearance, and general characteristics; and he has supplemented the evidence by the testimony of a former employe of the defendants, who professes to give the formula used by the defendants in making their beer. This witness does not claim that defendants used the formula described in complainant's second patent. I do not credit the testimony of this witness as to the formula used by the defendants. He was in the defendants' employ but a short time, and then was not employed in manufacturing, but in outside work, and was discharged by them, and is now in their debt. It was well known at the time that the complainant claimed the defendants were infringing his patent, and notices and circulars to the trade had already been circulated on the subject by both parties. It is altogether probable that defendants, if they were seeking to avail themselves of complainant's process, would, under the circumstances, have adopted some colorable departure from it. But it is quite improbable that they would thus have put themselves in the power of an employe.

The case then resolves itself into the single question, whether the proof of similarity in the manufactured articles is sufficient to overcome the direct testimony of the defendants. The defendants seem to be men of character, and there is nothing in their testimony to discredit their veracity. It appears they had been able to make a satisfactory article of birch beer before complainant obtained his first patent, and the evidence to show a difference between that article and their present product is quite vague. It would seem that an analysis might have been made, and the fact ascertained whether or not the defendants' product contains the various ingredients of the complainant's formula in substantially the same proportions, and whether or not the foreign ingredients used by the defendants are of any importance. While I am

by no means satisfied that the defendants are not using the complainant's formula in substance, I do not think it would be safe, upon the evidence offered, to find affirmatively that they are using it, and have falsified as witnesses.

The bill is dismissed, with costs.